45 F.3d 428
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Walter M. MILLER, Defendant-Appellant.
 No. 94-5534.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 13, 1994.
Decided Jan. 6, 1995.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-94-27).
 Matthew A. Victor, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Michael O. Callaghan, Assistant United States Attorney, Charleston, WV for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Walter M. Miller pled guilty to conspiracy to distribute cocaine and crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994). Miller appeals the 252-month sentence he received, claiming that the district court clearly erred in holding him responsible for twelve ounces of crack under guideline sections 2D1.1 and 1B1.3,[1] in enhancing his sentence for reckless endangerment during flight, USSG Sec. 3C1.2, and in finding that he had not accepted responsibility for his offense. USSG Sec. 3E1.1. These three factual determinations are reviewed under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989). We affirm.
 
 
 2
 On January 26, 1994, a confidential informant (CI) in Charleston, West Virginia, made two controlled purchases of crack and one purchase of cocaine powder from Harold Walker, Jr. The last exchange took place in a restaurant parking lot. While the CI waited with Walker in his car, Walker told the CI that Miller was his source. Shortly afterward, Miller arrived with the drugs, delivered them to Walker, and drove away. Walker was arrested after he made the sale to the CI. Police followed Miller's car and attempted to pull him over. Miller ignored the flashing lights, accelerated to 55-60 miles per hour in a 25-mile-per-hour zone, lost control of his car after a short chase, crashed, and was apprehended.
 
 
 3
 Walker initially informed authorities that he had received a total of twelve ounces of crack (340.2 grams) from Miller between November 1993 and their arrests in January 1994. Miller admitted supplying only three ounces to Walker. At sentencing, Walker testified that he had received a little more than three ounces from Miller, and had obtained the rest of the twelve ounces from "Jay" (or "J") whom he reached at the same pager number as Miller. Walker said sometimes Miller answered, and sometimes Jay answered, and he dealt with both of them. The district court found that Miller had been acting in concert with Jay, and that the whole twelve ounces was properly attributed to him as relevant conduct. USSG Sec. 1B1.3(a)(1)(B) (defendant responsible for reasonably foreseeable acts of others in furtherance of joint criminal activity).
 
 
 4
 Miller argues on appeal that the government failed to show that he conspired with Jay. However, given that Miller and Jay used the same pager number, the district court could find by a preponderance of the evidence that Miller and Jay were working together and that the crack sold by Jay was reasonably foreseeable to Miller, and in furtherance of their joint criminal activity. McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986) (sentencing issues decided by preponderance of evidence); United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir.), cert. denied, 493 U.S. 943 (1989). In so finding, the court was not clearly erroneous.
 
 
 5
 A two-level adjustment is properly given if the defendant recklessly created a substantial risk of death or serious bodily injury to another in the course of flight from law enforcement personnel. USSG Sec. 3C1.2. "Reckless" means that the defendant was aware of the risk created by his conduct and the risk was such that disregard of it constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation. USSG Secs. 3C1.2, comment. (n. 2), 2A1.4, comment. (n. 1). On the facts presented, the district court did not clearly err in making the adjustment.
 
 
 6
 Miller's continued use or contact with cocaine while on release after his guilty plea resulted in a urine test which was positive for cocaine.[2] The district court found that in either case, the additional illegal activity was evidence that he had not accepted responsibility for his offense. We cannot find that the court's decision was clearly erroneous. See United States v. Kidd, 12 F.3d 30, 34 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3705 (U.S.1994) (continued use or sale of drugs after indictment indicates lack of acceptance of responsibility).
 
 
 7
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1993)
 
 
 [2]
 Miller insisted that he had never used cocaine, but said he had handled it while on release, and that his urine screen must have been contaminated by cocaine on his hands