Walter M. MILLER, Petitioner–
Appellant,

v.

Maryellen THOMS, Warden,
Respondent–Appellee.

No. 01–6168.

United States Court of Appeals,
Sixth Circuit.

May 6, 2002.

Before GUY and BATCHELDER,
Circuit Judges; COHN, District Judge.*

*ORDER*

Walter M. Miller, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 29, 1994, Miller pled guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Miller was sentenced to serve 252 months of imprisonment followed by five years of supervised release. Miller's conviction and sentence were affirmed on appeal. *United States v. Miller,* No. 94–5534, 1995 WL 3801 (4th Cir. Jan.6, 1995) (unpublished op.).

In 1997, Miller filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court on September 29, 1997. Miller subsequently filed a motion seeking authorization to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2244. The Fourth Circuit Court of Appeals denied Miller's § 2244 motion on October 19, 2000.

In his § 2241 petition, Miller claimed that his indictment was defective because it did not contain the drug quantity as an element of the offense for which he was charged, as required by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); insufficient evidence was presented to support his sentence because the amount of drugs attributed to him by the district court was based upon the inaccurate, uncorroborated, and unreliable testimony of his co-defendant; and his sentence is based upon materially false information because the prosecutor failed to prove that the cocaine base for which he was charged was crack and he was sentenced for conspiracy to distribute crack, which resulted in a longer sentence.

The district court adopted Thoms's response and motion to dismiss Miller's petition and dismissed Miller's habeas corpus petition. Miller's subsequent motions for clarification and to alter or amend the judgment were denied. Miller has filed a timely appeal. He has also filed an additional citation.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Miller's petition.

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Despite his argument to the contrary, Miller's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Thus, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Miller's sentence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Miller may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Miller has not shown that his remedy under § 2255 is inadequate or ineffective. Thus, the district court properly dismissed Miller's § 2241 habeas corpus petition because Miller sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.