**Kurt E. MOORE, Petitioner–Appellant,**

v.

**Edward PEREZ, Respondent–Appellee.**

No. 01–6576.

United States Court of Appeals,
Sixth Circuit.

Aug. 2, 2002.

Before: SILER, COLE, and CLAY, Circuit Judges.

## ORDER

Kurt E. Moore, a federal prisoner proceeding pro se, appeals the denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a jury trial, Moore was convicted of possession with intent to distribute cocaine and cocaine base, 21 U.S.C. § 841(a)(1), and carrying a firearm during and in relation to the commission of a drug trafficking crime, 18 U.S.C. § 924(c). Moore was sentenced to serve 211 months of imprisonment. Moore's conviction and sentence were affirmed on appeal. *See United States v. Moore,* 97–2134, 1998 WL 12196 (7th Cir. Jan.13, 1998) (unpublished order). In 1998, Moore filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the United

States District Court for the Southern District of Indiana on August 26, 1998.

In his § 2241 petition, Moore claims that the Supreme Court case of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires that notification of the type and amount of drugs involved in a crime must be included in the indictment and decided beyond a reasonable doubt in order to enhance his sentence. The district court dismissed the petition based upon the rationales and legal authorities set forth in *Perkins v. Thoms,* 2001 WL 1178279 (6th Cir. Sept.24, 2001) (unpublished order), *cert. denied,* — U.S. ——, 122 S.Ct. 1557, 152 L.Ed.2d 480 (2002) (No. 01–8191), which held that the Supreme Court has not made *Apprendi* retroactively applicable to cases on collateral review. Moore has filed a timely appeal.

Upon de novo review, *see United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* — U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999), we conclude that the district court properly dismissed Moore's petition. Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district court in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Moore's petition challenges the type and amount of drugs that were attributed to him by the district court when imposing sentence upon him. Thus, Moore's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served, and § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Moore's sentence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Moore may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Moore has not shown that his remedy under § 2255 is inadequate or ineffective. Contrary to Moore' claim on appeal, the Supreme Court has not made *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), retroactively applicable to cases on collateral review. *See In re Clemmons,* 259 F.3d 489, 493–94 (6th Cir.2001). Thus, the district court properly dismissed Moore's § 2241 habeas corpus petition because Moore sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.