Kurt E. MOORE, Petitioner–Appellant,

v.

Linda SANDERS, Respondent–Appellee.

No. 03–5572.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2003.

Kurt E. Moore, pro se, Ashland, KY, for Petitioner–Appellant.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

## ORDER

Kurt E. Moore, a Federal prisoner proceeding pro se, moves for pauper status and appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 29, 1997, Moore was convicted by a jury, in the United States District Court for the Southern District of Indiana, of possession with intent to distribute cocaine and cocaine base, 21 U.S.C. § 841(a)(1), and of carrying a firearm during and in relation to the commission of a drug-trafficking crime, 18 U.S.C. § 924(c). He was sentenced to 211 months' incarceration on April 25, 1997. His convictions were affirmed when he appealed the convictions on the grounds of prosecutor misconduct. *See United States v. Moore*, 134 F.3d 374 (7th Cir.1998) (unpublished).

On June 26, 1998, Moore filed a § 2255 motion to vacate in the trial court, on the ground of ineffective assistance of counsel. The motion was denied on the merits with prejudice on August 26, 1998, and later a certificate of appealability was denied. Moore took an appeal, but the Seventh Circuit also denied him a certificate of appealability.

On August 23, 2001, Moore filed his first petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He asserted a claim based only on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On November 29, 2001, the district court ordered the petition denied and dismissed the case, sua sponte. Moore appealed, and on August 2, 2002, this court affirmed the dismissal in *Moore v. Perez*, 41 Fed. Appx. 797 (6th Cir.2002) (unpublished). This court ruled that Moore had sought to challenge the imposi-

tion of his sentence but had failed to establish that the remedy afforded him under § 2255 was inadequate or ineffective under the standards enunciated in *Charles v. Chandler,* 180 F.3d 753, 757–58 (6th Cir. 1999) and in the face of the fact that the Supreme Court had not made *Apprendi* retroactively applicable to cases on collateral review, as this court held in *In re Clemmons,* 259 F.3d 489, 493–94 (6th Cir. 2001).

On January 21, 2003, Moore filed the current habeas corpus petition. He claims that the trial court gave a jury instruction which was erroneous under the definition of "carrying," as it was later interpreted by the Supreme Court in *Muscarello v. United States,* 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). Moore also cites *Hilliard v. United States,* 157 F.3d 444 (6th Cir.1998), and directs the court's attention to Exhibit A. However, there is no Exhibit A attached to the petition. Moore alleges as a separate claim that he "is actually innocent of the 924(c) conviction [because] there was no evidence that he carried the gun in question 'in relationship' with the drug offense." In the portion of the form petition which asks why his remedy by way of a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of his detention, he has written, "Claim is time-barred by (AEDPA)." The district court dismissed the § 2241 petition. Reconsideration was denied. This timely appeal followed.

■ We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *See United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755. Upon review, we conclude that the district court properly dismissed Moore's petition. A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he

is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *Charles,* 180 F.3d at 755–56. The burden is upon Moore to prove that his remedy under § 2255 is inadequate or ineffective. *See id.* at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because he is procedurally barred from pursuing relief under § 2255, because he has been denied permission to file a second or successive motion to vacate, or because the § 2255 claim is time-barred. *Id.* at 756–58.

Moore did not establish that his remedy under § 2255 is inadequate or ineffective. Moore is making a *Bailey-type* claim to the extent it is based upon an intervening Supreme Court opinion, *Muscarello.* *Muscarello* was handed down on June 8, 1998. A few weeks later, on June 26, 1998, Moore filed his first and only § 2255 motion. As pointed out by the district court, Moore could have but did not include his *Muscarello* claim in that motion; nor did he amend or supplement the motion to add his *Muscarello* argument. Nor is there any indication that Moore later filed a request in this court for permission to file a second or successive § 2255 motion based on *Muscarello.* As this court noted in *Charles,* the successful *Bailey* claimants had no earlier opportunity or avenue by which to raise their claims. In contrast, Moore has repeatedly bypassed opportunities to raise *Muscarello* in any timely-filed challenge to his firearms conviction. Moore cannot bypass his remedy under § 2255 and seek relief under § 2241.

■ Finally, even if Moore can prove that his relief via § 2255 was or is ineffective or inadequate to test the legality of his detention, he has failed to demonstrate his "actual innocence," as defined by the Supreme Court in *Bousley v. United States,*

523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). *Muscarello* stands for the proposition that a defendant may be convicted of "carrying" a firearm even if the weapon is in a car trunk or a locked glove compartment. *Id.* at 138. Moore admitted at trial that he had a gun on his person. Thus, he was "carrying" a firearm under any definition of the term. By finding him guilty of both the drug and gun charges, the jury determined the "in relation to" portion of the statute.

In sum, Moore has failed to carry his burden of demonstrating that his remedy via a § 2255 motion was inadequate or ineffective or that he is "actually innocent." Therefore, his § 2241 motion was properly dismissed.

Accordingly, the motion for pauper status is denied, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.