**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert HAYES, Defendant–Appellant.**

No. 00–5731.

United States Court of Appeals, Sixth Circuit.

May 9, 2001.

Before KENNEDY and DAUGHTREY, Circuit Judges; MCKEAGUE, District Judge.*

Robert Hayes appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In May 2000, Hayes pleaded guilty to continuing criminal enterprise in violation of 21 U.S.C. § 848, conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and money laundering in violation of 18 U.S.C. §§ 1956 and 1957. Prior to sentencing, the district court granted Hayes a USSG § 5K1.1 departure, and sentenced him to 235 months of imprisonment. Hayes has filed a timely appeal.

On appeal, Hayes's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

S.Ct. 1396, 18 L.Ed.2d 493 (1967), raising the following issues for review: 1) whether the district court properly sentenced Hayes; and 2) whether Hayes is entitled to withdraw his guilty plea.

■ Upon review, we conclude that the district court properly sentenced Hayes. A defendant may only seek review of his sentence on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*, 19 F.3d 1102, 1103 (6th Cir.1994).

Hayes has not presented any issue which fits this criteria. Hayes's original total offense level was 37, his Criminal History Category score was VI, and the resulting guidelines range was 360 months to life. After the court granted the government's § 5K1.1 motion for a downward departure, the court determined that Hayes's total offense level was 33 and that his Criminal History Category score was VI. This resulted in a guidelines imprisonment range of 235–293 months. Thus, Hayes's sentence of 235 months was within the applicable guidelines range.

■ We also conclude that Hayes is not entitled to withdraw his guilty plea on appeal. A defendant seeking to withdraw a plea of guilty at the post-sentencing stage is obligated to show "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the demands of fair procedure." *United States v. Glinsey*, 209 F.3d 386, 397 (5th Cir.), *cert. denied*, 531 U.S. 919, 121 S.Ct. 282, 148 L.Ed.2d 203 (2000). Hayes has not asserted his innocence and has not even moved to withdraw his plea. He was represented by counsel at every stage of the proceedings in the district court. The district court accepted his guilty plea only after addressing Hayes personally in open court pursuant to Rule 11 and determining that he had reviewed the plea agreement completely and was voluntarily entering his plea. Moreover, prior to sentencing Hayes, the district court advised Hayes that the minimum sentence for his CCE offense was twenty years, not thirty years as the court had previously indicated. Nonetheless, Hayes elected not to withdraw his guilty plea. Rather, he chose to proceed with the sentencing proceeding. Thus, Hayes is not entitled to withdraw his guilty plea because he has not shown a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the demands of fair procedure.

In addition, Hayes entered a valid guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The record reflects that, during Hayes's plea hearing, the district court explained the rights that Hayes was waiving, and determined that no additional promises or threats had been made to compel him to plead guilty. The district court also reviewed the indictment with Hayes to ensure that he understood the charges against him, and explained the potential penalties associated with the guilty plea. Moreover, Hayes acknowledged his involvement in the charged offenses.

Finally, we have reviewed the record and discovered no error warranting reversal of Hayes's convictions or sentence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.