NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0850n.06

No. 11-5578

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT HAYES, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | *Aug 07, 2012* |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| J. C. HOLLAND, Warden, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Respondent-Appellee. | ) | |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Robert Hayes, a federal prisoner proceeding pro se, appeals the district court's judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. Hayes has moved for leave to proceed in forma pauperis.

In 2000, Hayes pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848; conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846; and money laundering in violation of 18 U.S.C. §§ 1956 and 1957. The district court sentenced Hayes as a career offender under USSG § 4B1.1 to nineteen years and seven months of imprisonment. On direct appeal, we affirmed the district court's judgment. *United States v. Hayes*, 9 F. App'x 365, 367 (6th Cir. 2001). Hayes then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the district court denied.

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

Nearly a decade later, Hayes filed the instant habeas corpus petition under section 2241, asserting that he is actually innocent of the career offender enhancement. Hayes argued that his prior state conviction for reckless homicide is not a "crime of violence" within the meaning of USSG § 4B1.2(a) in light of the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008). Hayes also challenged the district court's use of prior state convictions based on pleas pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), as predicate offenses for career offender status. The district court denied Hayes's habeas corpus petition. This timely appeal followed.

We review de novo the district court's judgment denying a habeas corpus petition filed under section 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). Generally, a federal prisoner must use section 2255 to challenge his conviction or the imposition of his sentence. Section 2241 is used to challenge the execution or manner in which a sentence is served. *Id*. at 755–56. Hayes challenges the imposition of his sentence, not the manner in which his sentence is being served. Pursuant to section 2255(e)'s "savings clause," a federal prisoner may challenge the imposition of his sentence under section 2241, rather than section 2255, if he establishes that his remedy under section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Charles*, 180 F.3d at 756. To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255. *See Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 461–62 (6th Cir. 2001).

Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims. *See Peterman*, 249 F.3d at 461–62.

Hayes's motion for leave to proceed in forma pauperis is granted and the district court's judgment is affirmed.