**Lonnie L. GRIFFIN, Petitioner,**

v.

**Al HERRERA, Respondent.**

No. Civ. 02–70889.

No. Crim. 90–80355–01.

United States District Court,
E.D. Michigan,
Southern Division.

June 27, 2002.

Lonnie Griffin, Atlanta, GA, Pro se.

### MEMORANDUM OPINION and ORDER OF DISMISSAL

TAYLOR, District Judge.

On March 16, 2001, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Central District of California where he was then incarcerated. That court dismissed the petition finding that the relief Petitioner requested is most properly within the scope of 28 U.S.C. § 2255, not § 2241. Pursuant to 28 U.S.C. § 1631, the court then transferred Petitioner's motion to the U.S. District Court

for the Eastern District of Michigan, the sentencing court, to consider Petitioner's claims construed as a § 2255 motion.

On April 29, 2002, Petitioner filed an ex parte motion to transfer his § 2241 petition back to the Central District of California complaining that this Court lacks jurisdiction to hear his § 2241 petition.

For the reasons stated below, Petitioner's § 2255 motion and motion to transfer must be DENIED.

## I.

In November 1990, a jury found Petitioner guilty of the following: one count of conspiracy to possess cocaine; two counts of possession with intent to distribute cocaine; two counts of aiding and abetting the possession with intent to distribute cocaine; two counts of being a felon in possession of a firearm; and one count of structuring a financial transaction to evade reporting requirements. This Court sentenced Petitioner to concurrent terms of life in prison on the conspiracy and substantive possession counts and to two concurrent 120 month terms of imprisonment for the felon in possession of a firearm counts and the financial structuring count.

Concerning his conviction and sentence, in February 1991, Petitioner filed a timely notice of appeal with the Sixth Circuit Court of Appeals. The appeals court affirmed Petitioner's conviction and sentence. Between 1992 and 1999, Petitioner filed four motions pursuant 28 U.S.C. § 2255 seeking to vacate his sentence. This Court denied each of these motions and the Sixth Circuit Court of Appeals ultimately affirmed each denial. Petitioner also has filed two unsuccessful § 2241 petitions in judicial jurisdictions where he has been incarcerated—the U.S. District Court for the Southern District of Indiana and the U.S. District Court for the Eastern District of Texas.

In the subject § 2241 petition filed in the U.S. District Court for the Central District of California, Petitioner asserted four grounds, which he contended mandate his immediate release from prison: (1) defective indictment and illegally enhanced sentence; (2) aggravated elements of a crime charged not presented in the indictment; (3) inadequate jury instructions; and (4) prosecutorial misconduct. Notably, all of these are claims substantially similar to those asserted in Petitioner's previous § 2255 and § 2241 motions.

## II.

Ordinarily, a prisoner desiring to challenge either his conviction or sentence must file a motion pursuant to § 2255 in the sentencing court, while a prisoner desiring to challenge the manner or execution of his sentence must file a petition pursuant to § 2241 in the court having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753 (6th Cir.1999). A federal prisoner may challenge a conviction or sentence under § 2241 rather than by motion filed under § 2255 only under very unusual circumstances, in which the remedy under § 2255 is "inadequate or ineffective." *Id.* at 755–56. The prisoner bears the burden of proving that § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* at 756. Importantly, the remedy under the "savings clause" of § 2255 is not inadequate or ineffective simply because a petitioner has been denied relief under § 2255 or denied permission to file a second or successive § 2255 motion. *Id.* at 766. And, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758.

While the Sixth Circuit has been reluctant to determine the exact scope of § 2255's savings clause, courts in this cir-

**710**

cuit have held that a Petitioner seeking to successfully utilize the savings clause must show an intervening change in the law which establishes a prisoner's actual innocence. *United States v. Peterman,* 249 F.3d 458, 462 (6th Cir.2001); *Charles,* 180 F.3d at 756–57 (noting that the Supreme Court has recognized as cognizable under § 2241 a claim of actual innocence based on a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)).

 The grounds Petitioner relied upon in bringing his petition clearly seek to attack his sentence, yet none of the grounds raised are based on a claim of actual innocence. Therefore, the relief sought by Petitioner is unavailable under § 2241. In considering Petitioner's § 2241 petition, the U.S. District Court for the Central District California used analogous reasoning and Ninth Circuit precedent to reach the same conclusion—that Petitioner's motion is one properly brought under § 2255.

### III.

 The Court is constrained therefore to consider Petitioner's motion as one most properly brought under § 2255. Construing it as such, Petitioner's motion must fail. The law prohibits a federal prisoner from filing a second or successive § 2255 motion in the district court unless the prisoner first obtains permission to do so from the court of appeals, and a panel of that court has certified the motion for review. 28 U.S.C. § 2244(b)(1). In addition, if a litigant seeks permission to file the same claims that were filed in a previous application, such claims shall be dismissed. 28 U.S.C. § 2244(b)(1); *Charles,* 180 F.3d at 758. As this is Petitioner's fifth § 2255 motion, by which he raises claims previously asserted, and as he has not obtained permission from the Sixth Circuit to pro-

ceed, his § 2255 motion must be DENIED and DISMISSED.

For the foregoing reasons.

IT IS ORDERED that Petitioner's 28 U.S.C. § 2255 motion is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Petitioner's motion to transfer is DENIED as moot.