**Mujaddid R. MUHAMMAD,**
**Petitioner–Appellant,**

v.

**George E. SNYDER, Warden,**
**Respondent–Appellee.**

No. 01–6456.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2002.

Before MARTIN, Chief Circuit Judge;
NELSON, and GILMAN, Circuit Judges.

*ORDER*

Mujaddid R. Muhammad (formerly known as Stacey Lamar Marsh, and also known as Jerry Stanley Sullivan), a federal prisoner proceeding pro se, moves for in forma pauperis status and appeals the denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After a jury trial, Muhammad was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846; possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Muhammad was sentenced to serve 324 months of imprisonment. Muhammad's conviction and sentence were affirmed on appeal. *See United States v. Marsh,* No. 92–5096, 1993 WL 509845 (4th Cir. Dec.8, 1993) (unpublished table opinion). In 1998, Muhammad filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the United States District Court for the Southern District of Virginia. Muhammad subsequently filed a motion seeking authorization to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2244. The Fourth Circuit Court of Appeals denied Muhammad's § 2244 motion.

In his § 2241 petition, Muhammad claims that the trial court violated his due process rights when his sentence was enhanced in excess of the statutory maximum based upon an alleged drug quantity that was neither charged in the indictment nor established by a jury. Muhammad asserts that his sentence has been unconsti-

tutionally imposed because his jury did not determine beyond a reasonable doubt facts involving drug quantity that were used as the basis for prescribing the range of penalties for his sentence. He relies on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as authority for his position. The district court dismissed the § 2241 petition. Reconsideration was denied. This timely appeal followed.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we conclude that the district court properly dismissed Muhammad's petition. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, — U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles*, 180 F.3d at 755–56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman*, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles*, 180 F.3d at 755–56. For example, a prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241. *Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Muhammad's claims constitute challenges to the legality of his sentence, and he did not establish that his remedy under § 2255 is inadequate or ineffective. *See Charles*, 180 F.3d at 756. None of his claims involves an intervening change in the law that establishes his actual innocence. *See Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757. Muhammad's pleadings include references to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but that decision does not help him. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Although the Supreme Court announced a new rule of constitutional law in *Apprendi*, the rule has not been made retroactive to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 491 (6th Cir.2001) (§ 2244).

Muhammad did not prove that he was entitled to proceed under 28 U.S.C. § 2241. Accordingly, the motion for in forma pauper status is granted for the limited purpose of deciding the merits of this appeal, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.