**Bobby Lee HARRIS, Petitioner–Appellant,**

v.

**Maryellen THOMS, Respondent–Appellee.**

No. 02–5524.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and KATZ, District Judge.[*]

*ORDER*

Bobby Lee Harris, a federal prisoner confined in the Federal Medical Center in Lexington, Kentucky, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Harris pleaded guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 846, and using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The United States District Court for the Eastern District of North Carolina sentenced Harris to 130 months of imprisonment. Harris did not appeal. In 1997, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion and the Fourth Circuit Court of Appeals denied Harris a certificate of appealability. *United States v. Harris,* No. 98–6916, 1998 WL 61383, 161 F.3d 42 (4th Cir. Sept.4, 1998) (unpublished order). Harris filed a motion for authorization to file a second or successive § 2255 motion, which the Fourth Circuit Court of Appeals denied in November 2001. Harris filed his § 2241 petition in January 2002, raising one claim: that he is actually innocent of violating 18 U.S.C. § 924(c)(1) under *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court denied the petition summarily.

In his timely appeal, Harris reasserts his district court claim.

This court reviews de novo a district court's judgment dismissing a habeas cor-

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

pus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Upon review, we conclude that the district court properly dismissed Harris's petition. A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman*, 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles*, 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Harris did not meet his burden. *See id.* First, Harris cannot show that an intervening change in the law establishes his actual innocence because he pleaded guilty after *Bailey* was decided. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles*, 180 F.3d at 757. Second, Harris cannot argue that his unsuccessful attacks under § 2255 entitle him to relief under § 2241. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255 and has been denied permission to file a second or successive motion to vacate. *See Charles*, 180 F.3d at 756–58. Accordingly, Harris is not entitled to challenge his sentence under § 2241.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.