*Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"); *Scott v. United States*, 997 F.2d 340, 343 (7th Cir. 1993) (holding that the district court should not have considered a § 2255 petition based on an alleged misapplication of the sentencing guidelines).

For these reasons, we hold that defendants have failed to show that § 2255 was "inadequate or ineffective" for their claims, and therefore the district court lacked jurisdiction to grant relief under § 2241. We do not reach Bell's cross-appeal regarding a further sentencing reduction.

## III.

Accordingly, we reverse the grants of habeas relief, and remand these causes to the district court with instructions to vacate the new sentences, and reinstate the original sentences.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0140P (6th Cir.)
File Name: 01a0140p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

99-3660
UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

v.

DARRELL PETERMAN,
        *Defendant-Appellee.*

99-3701
UNITED STATES OF AMERICA,
        *Plaintiff-Appellant,*

v.

CRAIG FOREST,
        *Defendant-Appellee.*

99-3704/3740
UNITED STATES OF AMERICA,
        *Plaintiff-Appellant/
        Cross-Appellee,*

v.

Nos. 99-3660/
3701/3704/3740

1

ROBERT BELL,
        *Defendant-Appellee/*
        *Cross-Appellant.*

Appeal from the United States District Court
for the Northern Districts of Ohio at Cleveland and Akron.
No. 90-00037—Patricia A. Gaughan, James S. Gwin,
Dan A. Polster, District Judges.

Argued:  November 28, 2000

Decided and Filed:  April 30, 2001

Before:  RYAN and NORRIS, Circuit Judges; EDGAR,
Chief District Judge.[*]

————————

**COUNSEL**

**ARGUED:**   Elizabeth D. Collery, UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, APPELLATE SECTION, Washington, D.C., for Appellant. Dennis G. Terez, ASSISTANT FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, Henry F. DeBaggis, Cleveland, Ohio, Joseph T. McGinness, Cleveland, Ohio, for Appellees. **ON BRIEF:** Elizabeth D. Collery, David S. Kris, Linda M. Betzer, UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, APPELLATE SECTION, Washington, D.C., for Appellant.   Dennis G. Terez, ASSISTANT FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, Henry F. DeBaggis, Cleveland, Ohio, Joseph T. McGinness, Cleveland, Ohio, for Appellees.

————————

[*]  The Honorable R. Allan Edgar, Chief United States District Judge for the Eastern District of Tennessee, sitting by designation.

not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles*, 180 F.3d at 758 (citations omitted).

We invoked the prevailing standard that is said to warrant the bringing of such § 2241 petitions in our *Charles* opinion when we noted that "[n]o circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions." *Id.* at 757.  These "actual innocence" cases have arisen from a common factual scenario; some prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court subsequently defined "use" in a restrictive manner in *Bailey v. United States*, 516 U.S. 137 (1995).  *See* 18 U.S.C. § 924(c)(1).  These prisoners, who could not establish their innocence before *Bailey*, were barred from § 2255 relief after *Bailey* because successive § 2255 petitions are limited to newly discovered evidence or a new and retroactive rule of constitutional law.  *See* 28 U.S.C. § 2255; *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997); *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997); *see also Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (holding in a § 2255 case that the failure to raise a *Bailey* claim on direct review can be overcome by a showing of "actual innocence").

Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence.  Under *Charles*, if petitioners do not make a claim for actual innocence, they are not entitled to relief through § 2255's savings clause; Bell, Peterman, and Forest do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum.  *See, e.g.,*

remedy by motion is inadequate or ineffective to test the legality of his detention.

 A 1-year period of limitation shall apply to a motion under this section.

28 U.S.C. § 2255.

 Defendants in the instant cases cannot raise their claims in a § 2255 motion for several reasons. First, the one-year limit bars their motions. In addition, a second or successive motion is only permitted if the court of appeals certifies that the defendant has presented newly discovered evidence or a new and retroactive rule of constitutional law that was previously unavailable. 28 U.S.C. § 2255. Bell and Peterman are precluded from presenting another § 2255 motion because they are not asserting a new rule of constitutional law or new evidence. Since Forest did not file previous § 2255 motions, he would not have to meet this standard, but his claim, like those of Bell and Peterman, would still be barred by the one-year rule.

 The unavailability of § 2255 relief does not alone establish inadequacy or ineffectiveness under the savings clause. This court has clearly stated that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate[.]" *Charles*, 180 F.3d at 756 (citations omitted).

 The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (amending 28 U.S.C. § 2255) ("AEDPA"). As we explained in *Charles*, "[t]he remedy afforded under § 2241 is

---

## OPINION

---

 ALAN E. NORRIS, Circuit Judge. Darrell Peterman, Craig Forest, and Robert Bell pleaded guilty to conspiring to possess and distribute cocaine, in violation of 21 U.S.C. § 846. Peterman and Bell each filed an unsuccessful appeal and several collateral attacks challenging their sentences. Peterman, Bell, and Forest then filed the instant habeas corpus petitions under 28 U.S.C. § 2241. The district court granted the petitions, and defendants were resentenced to shorter terms. The government appeals, arguing that the district court did not have jurisdiction over the § 2241 petitions. We reverse the district court and reinstate the original sentences.

### I.

 Defendants were part of a large cocaine conspiracy in Youngstown, Ohio, which operated from September 19, 1989, to January 19, 1990. Peterman, Forest, and Bell pleaded guilty in November 1990 to drug conspiracy charges, and the district court sentenced them based on the entire 50 to 150 kilograms of cocaine involved in the conspiracy. Peterman and Bell were sentenced to 151 months, and Forest to 121 months. The evidence at sentencing indicated that these defendants did not join the conspiracy until December 1989.

 Bell and Peterman appealed their sentences in 1991. Bell alleged that he was not accountable for the whole amount of cocaine and that the government had not met its burden of proof on the drug amount attributed to him. Peterman argued that the full drug amount was not reasonably foreseeable in his case. This court affirmed their sentences. *United States v. Bell*, Nos. 91-3210, 91-3211, 1991 WL 276274 (6th Cir. Dec. 20, 1991). Bell and Peterman each proceeded to file several collateral attacks on their sentences, which the district court treated as motions under 28 U.S.C. § 2255 and denied. Forest attempted to appeal, but his appeal was dismissed as

untimely. He did not file any collateral attacks before the instant § 2241 petition.

In the meantime, another conspirator in the same drug ring, Victor Milledge, achieved a sentence reduction in 1997 from his original sentence of 151 months for the conspiracy charge. The district court allowed him to take a late appeal from his 1991 conviction and sentence since the court had not informed Milledge of his right to appeal after the initial sentencing.[1] Like Peterman, Bell, and Forest, Milledge had originally been sentenced based on the full 50 to 150 kilograms involved in the conspiracy. This court reversed Milledge's sentence on direct appeal, concluding that the district court had not made adequate factual findings to support the drug amount attributed to Milledge. *United States v. Milledge*, 109 F.3d 312, 318 (6th Cir. 1997). On remand, Milledge was resentenced to 130 months of imprisonment, based on 50 kilograms of cocaine.

When Peterman, Forest, and Bell learned of their coconspirator's resentencing, they filed the instant § 2241 petitions. They argued that there had been an intervening change in the law and that § 2255 (whose statute of limitations and restrictions on successive petitions barred their claims) was inadequate and ineffective to redress the wrong. The district court granted the petitions. It found that the law had changed since the original sentencing to require individualized findings for drug conspirators' sentences. To deny a writ of habeas corpus in such circumstances, concluded the court, "would be a miscarriage of justice in that [defendants have] a due process right to be sentenced on accurate information." *Peterman v. Lamanna*, No. 1:98CV0851, slip op. at 5 (N.D. Ohio Sept. 11, 1998), *Forest v. Lamanna*, No. 1:98CV0850, slip op. at 5 (N.D. Ohio Sept. 11, 1998), *Bell v. Lamanna*, No. 1:98CV0852, slip op. at 5

---

[1]The district court denied Milledge's § 2255 petition but reentered judgment, which permitted Milledge to take a direct appeal.

(N.D. Ohio Sept. 11, 1998). The court ordered a hearing on these defendants' participation in the conspiracy, and the three were resentenced based on lesser amounts. Bell received 60 months, Peterman 63 months, and Forest 46 months, and each was also sentenced to five years of supervised release, with credit for time served. They are currently on supervised release.

The government appeals from the grants of habeas relief, arguing that the district court did not have jurisdiction over the § 2241 petitions because prisoners must seek collateral relief under 28 U.S.C. § 2255 unless they can show that § 2255 is "inadequate or ineffective," which the government claims defendants have not demonstrated. Bell cross-appeals, arguing that in the 1999 resentencing hearing he was denied an evidentiary hearing that should have resulted in a reduction of his offense level.

## II.

We review a district court's legal conclusions in a habeas corpus decision de novo. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999) (per curiam). Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served. However, a federal prisoner may also challenge the validity of his conviction or sentence under § 2241 if § 2255 is "inadequate or ineffective to test the legality of his detention," according to the "savings clause" of 28 U.S.C. § 2255, which states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the