**Curtis Allen MAYFIELD,**
**Petitioner–Appellant,**

v.

**George E. SNYDER, Warden,**
**Respondent–Appellee.**

**No. 00–6128.**

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

Curtis Allen Mayfield, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mayfield was convicted of attempt to manufacture a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846, and conspiracy to manufacture a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846, pursuant to his guilty plea to those charges. On September 21, 1995, Mayfield was sentenced to serve 108 months of imprisonment followed by 60 months of supervised release.

In his § 2241 petition, Mayfield claimed that, when imposing sentence, the sentencing court erroneously utilized the 1994

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

United States Sentencing Guidelines ("U.S.S.G.") manual instead of the 1988 U.S.S.G. manual, which resulted in a longer sentence. Mayfield contended that the longer sentence violates his rights under the Ex Post Facto Clause and the Due Process Clause of the Fifth ·and Fourteenth Amendments.

The district court denied Mayfield's habeas corpus petition and dismissed the case. Mayfield has filed a timely appeal. He requests oral argument.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Mayfield's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman*, 249 F.3d at 461. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Charles*, 180 F.3d at 755–56. Despite his argument to the contrary, Mayfield's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is served. Thus, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Mayfield's sentence. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56.

Nevertheless, Mayfield may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. May-field, however, has not shown that his remedy under § 2255 is inadequate or ineffective. *See Peterman*, 249 F.3d at 462; *Charles*, 180 F.3d at 758. Therefore, the district court properly dismissed Mayfield's § 2241 habeas corpus petition because Mayfield sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman*, 249 F.3d at 462; *Charles*, 180 F.3d at 757–58.

Accordingly, the request for oral argument is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.