**Marco DAMICO, Petitioner–Appellant,**

v.

**John R. HEMINGWAY, Warden, Respondent–Appellee.**

**No. 01–2401.**

United States Court of Appeals, Sixth Circuit.

May 21, 2002.

---

Before RYAN, BOGGS, and COLE,
Circuit Judges.

### ORDER

Marco Damico, a federal prisoner incarcerated in Michigan, appeals the district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Damico pleaded guilty to racketeering conspiracy, operating illegal sports bookmaking and poker game businesses, attempted extortion, robbery conspiracy, attempt to evade special tax, and carrying a firearm in relation to a crime of violence. The United States District Court for the Northern District of Illinois sentenced him to 147 months of imprisonment and three years of supervised release. The sentence included a four-level enhancement to his base offense level under U.S.S.G. § 3B1.1(a) because of his leadership role in the racketeering conspiracy and a two-level upward departure because of his involvement in organized crime. Damico appealed, and the Seventh Circuit Court of Appeals affirmed his convictions and sentence. *United States v. Damico*, 99 F.3d 1431 (7th Cir.1996). In 1997, Damico filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court denied the motion and denied a certificate of appealability. The Seventh Circuit also denied a certificate of appealability.

Damico filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Michigan in June 2001. He alleged that his sentence was imposed in violation of his Fifth Amendment right to due process of law and his Sixth Amendment right to a jury determination of guilt beyond a reasonable doubt, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The district court dismissed the petition and denied Damico's motion for reconsideration.

In his timely appeal, Damico argues that his *Apprendi* claim is cognizable under 28 U.S.C. § 2241 because: (1) he is actually innocent of the crime that resulted in the imposition of the enhanced sentence; and (2) the Antiterrorism and Effective Death Penalty Act ("AEDPA") did not modify 28 U.S.C. § 2255 or § 2241.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

Upon review, we affirm the district court's order for the reasons stated by the district court. Damico did not establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. Even assuming an *Apprendi* claim is cognizable under § 2241, Damico's petition was without merit. Damico was sentenced to eighty-seven months of incarceration for violating 18 U.S.C. §§ 1955 and 1962(d) and 26 U.S.C. § 7201, to be followed by the mandatory sixty months for violating 18 U.S.C. § 924(c). The maximum sentence for a violation of 18 U.S.C. § 1962 is twenty years. 18 U.S.C. § 1963(a). Because 18 U.S.C. § 1963(a) authorized the court to impose a maximum sentence of twenty years for the conduct to which Damico admitted, his 147 month sentence does not offend the rule of *Apprendi.* *See United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001).

Damico's arguments on appeal are without merit. He argues, inexplicably, that he is actually innocent because he is not responsible for the amount of drugs that exposed him to his sentence. Because Damico was not convicted of a drug offense, this argument is inapposite. He also asserts that the § 2241 remedy is available to him because the AEDPA did not modify either the savings clause of § 2255 or the reach of § 2241. Our rejection of Damico's reliance on § 2241 does not depend on the AEDPA.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.