**Joseph Ricky DODD, Petitioner–Appellant,**

v.

**George E. SNYDER, Warden, Respondent–Appellee.**

No. 01–6474.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before: MOORE and GILMAN, Circuit Judges; ROSEN, District Judge.*

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

## ORDER

Joseph Ricky Dodd, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Dodd pled guilty in the United States District Court for the Eastern District of Virginia to conspiracy to possess with intent to distribute 50 grams or more of cocaine base, an unspecified quantity of heroin, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dodd was sentenced to serve 324 months of imprisonment plus five years of supervised release. Dodd did not appeal his conviction.

On February 24, 2000, Dodd filed a motion for a writ of error coram nobis pursuant to 28 U.S.C. § 1651, which was denied by the district court. The Fourth Circuit Court of Appeals affirmed the denial of Dodd's motion. On November 3, 2000, Dodd filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6), which was also denied by the district court. On January 17, 2001, Dodd filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was dismissed by the district court on March 13, 2001. Dodd appealed the denial of his § 2255 motion to the Fourth Circuit Court of Appeals, but filed a motion to dismiss that appeal before it was decided.

In his § 2241 petition, Dodd alleged that his indictment was defective because it did not contain the drug quantity as an element of the offense for which he was charged, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Dodd also alleged that, in light of *Apprendi*, his sentence

must be vacated because it exceeds the statutory maximum penalty for the offense to which he pled guilty.

The district court dismissed Dodd's habeas corpus petition and subsequently denied his motion to alter or amend the judgment. Dodd has filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Dodd's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. Dodd's petition challenges the imposition of his sentence, not the execution or manner in which his sentence is being served, as he takes issue with the amount of drugs that were attributed to him by the district court when imposing his sentence. Thus, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Dodd's sentence. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56.

Nevertheless, Dodd may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Dodd has not shown that his remedy under § 2255 is inadequate or ineffective. Thus,

the district court properly dismissed Dodd's § 2241 habeas corpus petition because Dodd sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757–58. Dodd's arguments on appeal do not compel a different result.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.