**Dean Lewis KELLOGG, Petitioner–
Appellant,**

v.

**George E. SNYDER, Respondent–
Appellee.**

No. 02–5223.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before BOGGS and COLE, Circuit
Judges; BATTANI, District Judge.*

Dean Lewis Kellogg, a federal prisoner
proceeding pro se, appeals a district court
order dismissing his petition for a writ of
habeas corpus filed pursuant to 28 U.S.C.
§ 2241. This case has been referred to a
panel of the court pursuant to Rule
34(j)(1), Rules of the Sixth Circuit. Upon
examination, this panel unanimously
agrees that oral argument is not needed.
Fed. R.App. P. 34(a).

On May 26, 1995, Kellogg pled guilty in
the United States District Court for the
Eastern District of Tennessee to bank rob-
bery, in violation of 18 U.S.C. § 2113(a).
Kellogg was sentenced to serve 130
months of imprisonment as a career of-
fender pursuant to U.S.S.G. § 4B1.1,
based upon his 1992 conviction for second
degree burglary in a Washington state
court. Kellogg did not appeal his convic-
tion or sentence. Kellogg subsequently
filed a Fed.R.Civ.P. 60(b) motion for relief
from judgment, which was denied by the
district court on January 6, 2000.

Following his federal conviction, Kellogg
filed a post-conviction motion for relief
from the burglary conviction, which was
denied by the state trial court on July 21,
1997. The Washington Court of Appeals
affirmed the decision of the trial court on
February 16, 1999, and the Washington
Supreme Court subsequently denied re-
view on August 31, 1999. On January 10,
2000, the United States Supreme Court

---

* The Honorable Marianne O. Battani, United
States District Judge for the Eastern District
of Michigan, sitting by designation.

denied Kellogg's petition for a writ of certiorari.

On April 18, 2000, Kellogg filed his first petition for a writ of habeas corpus under § 2241, which was dismissed by the district court on June 13, 2000. On July 4, 2000, Kellogg filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Washington. Kellogg's § 2254 petition, which was construed as a 28 U.S.C. § 2255 motion, was dismissed on January 23, 2001, and a certificate of appealability was denied on March 13, 2001.

Meanwhile, on May 5, 2000, Kellogg filed a motion to vacate, set aside or correct his sentence pursuant to § 2255, which was denied by the district court on October 13, 2000. On May 15, 2001, this court denied Kellogg's application for a certificate of appealability to appeal the denial of his § 2255 motion.

In the instant § 2241 petition, Kellogg raised the following four grounds for relief: 1) he is actually innocent of his career offender sentence enhancement; 2) his state burglary conviction is unconstitutional; 3) his state burglary conviction does not support his federal sentence enhancement because it was not a crime of violence and his court-appointed attorney incorrectly informed him that he was guilty of the elements required to support such a sentence enhancement; and 4) the state burglary conviction cannot be used to enhance his federal sentence because it was based upon an invalid guilty plea.

The district court denied Kellogg's petition and dismissed the action. Kellogg's motion for reconsideration was subsequently denied. Kellogg has filed a timely appeal. He requests leave to proceed in forma pauperis.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Kellogg's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Kellogg's petition challenges the imposition of his sentence, not the execution or manner in which his sentence is being served, as he takes issue with the career offender enhancement applied to his sentence pursuant to U.S.S.G. § 4B1.1. Thus, § 2255, not § 2241, is the proper vehicle by which Kellogg should challenge his career offender sentence enhancement. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Kellogg may be entitled to review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Kellogg has not shown that his remedy under § 2255 is inadequate or ineffective. Thus, the district court properly dismissed Kellogg's § 2241 habeas corpus petition because Kellogg sought to challenge the imposition of his sentence, but failed to es-

tablish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58. Kellogg's arguments on appeal do not compel a different result.

Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.