**Kevin FOWLER, Petitioner–Appellant,**

**v.**

**Edward PEREZ, Respondent–Appellee.**

**No. 01–6258.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

*ORDER*

Kevin Fowler, a federal prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 23, 1996, pursuant to a plea agreement, Fowler pled guilty in the United States District Court for the Northern

District of West Virginia to the charges of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1); use or possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Fowler was sentenced to serve 210 months of imprisonment for possession with intent to distribute crack cocaine and 120 months of imprisonment for convicted felon in possession of a firearm, to run concurrently. Fowler was sentenced to serve five years of imprisonment for possession of a firearm, to run consecutively to the other sentences. Fowler's convictions and sentences were affirmed on appeal. *United States v. O'Brien*, Nos. 96–4815/4862/4926/4927, 97–4819, 1998 WL 20700, 133 F.3d 919 (4th Cir. Jan.22, 1998) (unpublished opinion).

On May 11, 1998, Fowler filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the district court on May 12, 1999. On July 7, 1999, the district court denied Fowler's motion for reconsideration of the order denying his § 2255 motion. Fowler's supplemental motion to reconsider was also denied by the district court. On August 2, 2000, the district court denied Fowler's application for a certificate of appealability. Fowler subsequently filed a motion seeking authorization to file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2244. The Fourth Circuit Court of Appeals denied Fowler's § 2244 motion on May 1, 2001.

In his § 2241 petition, Fowler claimed that his Fifth Amendment due process right and his Sixth Amendment right to a jury trial were violated. Fowler alleged that his indictment was constitutionally defective because it did not contain the drug quantity for which he was held responsible as an element of the charged offenses, as required by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Fowler alleged that he was unconstitutionally sentenced because his sentence was based upon a drug quantity that was established by a judge pursuant to a preponderance of the evidence standard, rather than a jury pursuant to a beyond a reasonable doubt standard. Fowler also alleged that he is actually innocent of the sentence imposed upon him because the district court lacked jurisdiction to impose the sentence due to the alleged defective indictment. According to Fowler, the district court lacked jurisdiction to sentence him under any provision of 21 U.S.C. § 841(b), other than the default provision of § 841(b)(1)(C).

The district court summarily dismissed Fowler's habeas corpus petition. Fowler filed a timely appeal.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Fowler's petition, although our decision is based upon different reasons than those relied upon by the district court. *See City Mgmt. Corp. v. U.S. Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994) (this court may affirm a decision of the district court "on any grounds supported by the record"); *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir.1985) (this court must affirm a district court's decision "if correct for any reason, including a reason not considered by the lower court").

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having juris-

diction over his custodian. *Charles,* 180 F.3d at 756. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a 28 U.S.C. § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56. Fowler's petition challenges the amount of drugs that were attributed to him by the district court when imposing sentence upon him. Thus, Fowler's habeas corpus petition constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Under these circumstances, § 2255, not § 2241, is the proper vehicle by which to challenge the imposition of Fowler's sentence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 755–56.

Nevertheless, Fowler may be entitled to a review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. The burden is upon Fowler to prove that his remedy under § 2255 is inadequate or ineffective. *See Charles,* 180 F.3d at 756. Fowler has not shown that his remedy under § 2255 is inadequate or ineffective.

The district court properly dismissed Fowler's § 2241 habeas corpus petition because Fowler sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman,* 249 F.3d at 461–62; *Charles,* 180 F.3d at 757–58. Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.