**Abdul JABBAR MUHAMMAD, Petitioner–Appellant,**

v.

**Joe P. YOUNG, Warden, Respondent–Appellee.**

**No. 01–6347.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before COLE and CLAY, Circuit Judges; and BERTELSMAN, District

Judge.*

### ORDER

Abdul Jabbar Muhammad, a.k.a. Michael J. Byrams, a federal prisoner incarcerated in the Federal Correctional Institute in Memphis, Tennessee, appeals the district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, Muhammad pleaded guilty to conspiracy, bank robbery, and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 371, 2113(a) and (d), and 922(g), respectively. The United States District Court for the Northern District of Illinois sentenced Muhammad to a total of fifteen years of imprisonment. The United States appealed the court's use of pre-Sentencing Guideline law, and the Seventh Circuit vacated and remanded the case for resentencing. The district court sentenced Muhammad to 262 months of imprisonment as a career offender under USSG § 4B1.1. Muhammad appealed, and the Seventh Circuit affirmed the decision in 1990. Muhammad has also filed unsuccessful attacks on his sentence under 18 U.S.C. § 3582(c) and 28 U.S.C. § 2255. He filed his § 2241 petition in September 2001, raising three claims: (1) that his sentence has expired; (2) that an amended judgment was never entered upon resentencing; and (3) that he was subjected to selective prosecution. The district court denied the petition summarily.

In his timely appeal, Muhammad reasserts his district court claims.

This court reviews de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Upon review, we affirm the district court's decision for the reasons stated by the district court. A federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255 (last clause in fifth paragraph); *United States v. Hayman,* 342 U.S. 205, 223, 72 S.Ct. 263, 96 L.Ed. 232 (1952); *Charles,* 180 F.3d at 755–56. The prisoner has the burden of proving that his remedy under § 2255 is inadequate or ineffective. *Charles,* 180 F.3d at 756.

Muhammad's claims are not cognizable under § 2241 because he attacked the imposition of his sentence without showing that his remedy under § 2255 was inadequate or ineffective. *See United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles,* 180 F.3d at 755–56. Muhammad challenged his sentence on direct appeal and in two prior post-conviction proceedings. His lack of success does not render § 2255 inadequate or ineffective. *See Charles,* 180 F.3d at 756–58. Moreover, Muhammad's claims are not based on an intervening change in the law that establishes his actual innocence. *See Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 757. Instead, he argued that he has only a fifteen-year sentence while admitting in his petition that he was resentenced to 262 months. Muhammad was not entitled to relief under 28 U.S.C. § 2241.

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.