**Dennis KING, Petitioner–Appellant,**

v.

**Maryellen THOMS, Respondent–Appellee.**

No. 02–5552.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2002.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

### ORDER

This is an appeal from a district court judgment denying the relief sought in a petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Dennis King was tried in the United States District Court for the Northern District of Illinois and was found guilty by a jury on six counts of using facilities in interstate commerce with the intent that murder be committed. King's conviction and 145 month sentence were affirmed on direct appeal. *United States v. King,* 75 F.3d 1217 (7th Cir.1996). King's first post-conviction motion, a mo-

tion to vacate sentence under 28 U.S.C. § 2255, was denied in the district court and it does not appear that King took an appeal from this decision. In 2002 King, now incarcerated in a federal facility in Lexington, Kentucky, filed a § 2241 petition challenging the constitutionality of his conviction. The district court sua sponte ordered the petition to be dismissed and this appeal followed a series of orders denying King's post-judgment motions.

The district court dismissed King's § 2241 petition, in which King raised several constitutional challenges to his conviction, after concluding that King did not meet his threshold burden to show that his § 2255 remedies were inadequate or ineffective to this task. This court reviews de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). An examination of the record and law supports the district court's articulation of § 2241 jurisprudence and the decision to dismiss the petition.

Chicago-area businessman Dennis King was convicted in the Northern District of Illinois on six counts of using interstate facilities with the intent to hire someone to kill his estranged wife. The evidence of record included eight separate audio recordings of conversations, most of them over the telephone, between King and his nephew in which King discussed locating, paying, and facilitating the task of, a "hit man." A summary of those recordings is found in the body of the Seventh Circuit decision affirming King's conviction. *See King,* 75 F.3d at 1220–21. King's appellate counsel argued, in vain, that the admission of these conversations tainted King's trial and King subsequently raised

---

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

a complete, if unsuccessful, challenge to the admission of these tapes (among other claims) in his motion to vacate sentence.

It is against this background that King, presently incarcerated in the Sixth Circuit, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Kentucky. King articulates twenty-two separate grounds for relief in his effort to show "why his [King's] jury trial, direct appeal, and § 2255 appeal [sic] are invalid." The twenty-two grounds include, "actual innocence," (Ground 1), ineffective assistance of trial and appellate counsel (Grounds 2–11), a massive conspiracy against King by the courts and government (Grounds 12–18, 21–22), and due process/trial error (Grounds 19–20). Each of these grounds for relief is directed to the constitutionality of King's conviction; not one of these grounds is directed to the actual execution of King's sentence.

The district court conducted its initial review of the petition on King's motion for pauper status and pursuant to 28 U.S.C. § 2243. The district court reviewed King's litigation history and the claims presented in the petition. The court then observed that, as King was attempting to use § 2241 to mount a collateral attack upon his conviction, it was incumbent upon him to show that his traditional remedies under 28 U.S.C. § 2255 were "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. The court concluded that King's claims did not meet the "inadequate or ineffective" test as construed in *Charles v. Chandler,* 180 F.3d 753, 756–58 (6th Cir.1999), the latest Sixth Circuit pronouncement on the subject. Having reached this conclusion, the district court ordered the petition to be dismissed for want of subject matter jurisdiction. This appeal followed two unsuccessful post-judgment motions essentially raising the identical claims.

Section 2241 of Title 28 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If the prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Charles,* 180 F.3d at 755–56. If the prisoner wishes to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence in the district court in which he was sentenced. *Id.* King's petition is a clear challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served. Therefore, § 2255, not § 2241, would ordinarily provide the proper vehicle by which King should present his challenge. *Id.*

King may be entitled to review of his claims under § 2241, however, if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5. The remedy under § 2255 is not "inadequate or ineffective" in this context merely because a petitioner has been denied relief under that statute, because he is procedurally barred from pursuing relief under that statute, or because he has been denied permission to file a second or successive motion to vacate. *Charles,* 180 F.3d at 756. "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758. The leading, and arguably only, example of an "inadequate or ineffective" remedy under § 2255 is the case of a prisoner who can show that an intervening change in the law establishes his actual innocence. *See, e.g., In re Davenport,* 147 F.3d 605, 609–10 (7th Cir.1998) (prisoner convicted of "using" firearm during a drug crime or violent crime found himself innocent when the Supreme Court subsequently defined "use" in a restrictive manner in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)).

An examination of the grounds raised in King's petition show that he was not entitled to use § 2241 to mount a collateral challenge to his conviction. King's only "actual innocence" claim, Ground One, is merely a re-hash of King's prior arguments directed to the sufficiency of the evidence or his lack of pre-disposition to commit the crimes of conviction. The twenty-one remaining grounds, as described above, do not even purport to demonstrate King's "actual innocence" in this context. The district court properly concluded that § 2241 is unavailable to King for this purpose.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.