Julio HERNANDEZ, Petitioner–
Appellant,

v.

W.A. MORRISON, Custodian,
Respondent–Appellee.

No. 02–3993.

United States Court of Appeals,
Sixth Circuit.

March 4, 2003.

Before MOORE and GIBBONS, Circuit
Judges; and COHN, District Judge.*

*ORDER*

Julio Hernandez, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hernandez pled guilty in the United States District Court for the Southern District of Texas to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A), and 846. On August 21, 1998, Hernandez was sentenced to serve 151 months of imprisonment followed by five years of supervised release. Hernandez did not appeal his conviction or sentence. Hernandez subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court.

In his § 2241 petition, Hernandez raised the following three grounds for relief: 1) the sentencing court lacked jurisdiction to sentence him "thereon an uncharged offense or an element created via a variance;" 2) the sentencing court erroneously "charged weapon enhancement where there was no aiding or abetting statute to validate departure;" and 3) the sentencing court erroneously failed to consider "an additional one level departure for acceptance of responsibility" based upon his timely plea of guilty. The district court summarily dismissed Hernandez's habeas corpus petition. Hernandez filed a timely appeal. He requests leave to proceed in forma pauperis.

We review de novo the dismissal of a § 2241 petition for a writ of habeas corpus. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly dismissed Hernandez's petition.

Title 28 U.S.C. § 2241 provides that a federal prisoner may bring a petition for a writ of habeas corpus in the district in which he is incarcerated. If a federal prisoner seeks to challenge the execution of his sentence, he must file a § 2241 petition in the district court having jurisdiction over his custodian. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. If a federal prisoner seeks to challenge the imposition of his sentence, he must file a § 2255 motion to vacate the sentence in the district court in which he was sen-

---

\* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

tenced. *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. Hernandez's habeas corpus petition challenges the imposition of his sentence, not the execution or manner in which his sentence is being served, as he takes issue with the sentencing court's calculation of his sentence based upon an enhancement for possession of a weapon and a departure for acceptance of responsibility. Thus, § 2255, not § 2241, is the proper vehicle by which Hernandez should challenge his sentence. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56.

Nevertheless, Hernandez may be entitled to a review of his claims under § 2241 if he is able to establish that § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. Hernandez has not shown that his remedy under § 2255 is inadequate or ineffective. Thus, the district court properly dismissed Hernandez's § 2241 habeas corpus petition because Hernandez sought to challenge the imposition of his sentence, but failed to establish that the remedy afforded him under § 2255 is inadequate or ineffective. *See Peterman*, 249 F.3d at 461–62; *Charles*, 180 F.3d at 757–58.

Accordingly, the motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.