**Steven HUMPHREYS, Petitioner–Appellant,**

v.

**John HEMINGWAY, Respondent–Appellee.**

No. 03–1128.

United States Court of Appeals, Sixth Circuit.

Sept. 15, 2003.

Steven Humphreys, Federal Correctional Institution, Milan, MI, for Petitioner–Appellant.

Patricia G. Gaedeke, Detroit, MI, for Respondent–Appellee.

Before: MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.*

## ORDER

Steven Humphreys, a federal prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On September 11, 2002, Humphreys filed a petition for a writ of habeas corpus against John Hemingway, warden of the Federal Correctional Institution located in Milan, Michigan, where Humphreys is incarcerated. Humphreys filed the petition in order to challenge a prison disciplinary conviction that deprived him of good conduct time. Humphreys alleged that on December 31, 2001, he was charged with fighting fellow inmate Willie Brown, in violation of institutional rules. After hearing testimony from Humphreys and other witnesses, a disciplinary hearing officer ("DHO") found Humphreys guilty as charged and, as a sanction, revoked fourteen days of Humphreys's good conduct

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

time. Humphreys unsuccessfully appealed the DHO's decision to the Regional and Central Bureau of Prisons Offices.

In the instant habeas corpus petition. Humphreys alleged that he was denied substantive due process because the DHO's decision was "contrary to the facts of what transpired" and unsupported by the evidence because he "did not 'fight' with Inmate Brown." Rather, Humphreys alleged that he was merely the victim of an unprovoked attack by Brown and that he only used "force proportioned to the threat" in an effort to defend himself from Brown's attack. Humphreys also alleged that he was denied procedural due process because exculpatory evidence contained in his prison file was not provided to him during the administrative review process and he did not receive an amended DHO report that accurately reflected the testimony of the witness that he called at the hearing before the DHO. Humphreys sought expungement of the incident reports and the DHO's finding of guilt and restoration of his lost good conduct time.

The district court denied Humphreys's petition for a writ of habeas corpus. Humphreys filed a timely appeal.

We review de novo a judgment dismissing a § 2241 petition for a writ of habeas corpus. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001); *Charles v. Chandler,* 180 F.3d 753, 755 (6th Cir.1999). Such review indicates that the district court properly denied Humphreys's petition.

■ A prison disciplinary decision comports with the requirements of due process "if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Corr. Institution, Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The quantity of evidence to support a disciplinary conviction is minimal and does not involve the independent assessment of witness credi-

bility or weighing of evidence by the federal courts. *Id.* Consequently, a prison disciplinary decision should be upheld if "some evidence" in the record supports the decision. *Id.* at 455–56, 105 S.Ct. 2768.

In this case, the record reveals an evidentiary basis for the DHO's decision. First, the incident reports indicate that Humphreys and Brown were involved in an altercation and that Correctional Officer James observed Humphreys grab Brown and push him over a card table. Second, a memorandum prepared by Correctional Officer Ellis stated that upon staff arrival to the location where the altercation occurred, Brown and Humphreys "were observed wrestling on the floor" and "were ordered to stop their action, but refused." Third, at the hearing before the DHO. Humphreys admitted to being in a scuffle but claimed that he did not initiate the encounter and fought with Brown only to the extent necessary to defend himself. Fourth, at the hearing before the DHO, Humphreys's staff representative stated that he spoke with inmates who observed the altercation and those inmates indicated that Humphreys acted in self-defense and Humphreys's inmate witness stated that Brown approached Humphreys and initiated the altercation.

The DHO weighed the evidence and found that Humphreys "committed the prohibited act(s) of Fighting." Because the DHO's decision is supported by "some evidence" in the record, Humphreys's substantive due process claim lacks merit. *See id.* Therefore, the district court properly denied Humphreys's habeas corpus petition. Humphreys's arguments on appeal do not compel a different result.

■ Humphreys does not challenge the district court's determination that he was not denied procedural due process during the prison disciplinary process. Issues which were raised in the district court, yet

**790**

not raised on appeal, are considered abandoned and not reviewable on appeal. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.