Luis Carlos Cardenas ASPRILLA, Petitioner–Appellant,

v.

Randy DAVIS, Warden; John Ashcroft, U.S. Attorney General, Respondents–Appellees.

No. 03–5518.

United States Court of Appeals, Sixth Circuit.

Nov. 28, 2003.

Luis Carlos Cardenas Asprilla, pro se, Memphis, TN, for Petitioner–Appellant.

Before MARTIN and MOORE, Circuit Judges; and MCKEAGUE, District Judge.*

### ORDER

Luis Carlos Cardenas Asprilla, proceeding pro se, appeals a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, a jury convicted Asprilla of possessing with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), in Beaumont, Texas. He was sentenced to life imprisonment. A panel of the Fifth Circuit Court of Appeals affirmed Asprilla's conviction and sentence.

In 2001, Asprilla filed a § 2241 petition for a writ of habeas corpus, asserting two grounds for relief. In support of one of the claims, he argued that he has been improperly denied a deportation hearing. The petition was originally filed in the District Court for the District of Columbia, but was eventually transferred to the District Court for the Western District of Tennessee, where his custodian was located. Upon review, Judge Bernice Donald issued an order denying the petition, after she concluded that Asprilla's argument lacked merit because the Immigration and Naturalization Service (INS) did not institute deportation proceedings, because Asprilla had no right to compel the INS to institute such proceedings, and because the Attorney General lacked authority to deport Asprilla prior to the expiration of his federal sentence.

In August 2002, Asprilla filed his current § 2241 petition, arguing that he has been improperly denied a deportation hearing. Again, he filed the § 2241 petition in the United States District Court for the District of Columbia, and the case was transferred to the District Court for the Western District of Tennessee. Upon review, the district court concluded that Asprilla's petition lacked merit for the same reasons previously stated by Judge Donald. Asprilla has filed a timely appeal, essentially reasserting his claim. He also argues that the district court improperly dismissed his petition without requiring an answer from the respondent. Asprilla has filed a motion to proceed in forma pauperis on appeal.

The district court properly dismissed Asprilla's § 2241 petition. This court reviews de novo a district court's judgment dismissing a § 2241 petition. See United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); Charles v. Chandler, 180 F.3d 753, 755 (6th Cir.1999). Pursuant to § 2241, a federal prisoner may bring a petition for a writ of habeas corpus challenging the execution of his sentence in the district court having jurisdiction over his custodian. Peterman, 249 F.3d at 461.

Asprilla has not established that he is being imprisoned in violation of his constitutional rights. Asprilla has not presented anything to support his contention that the INS is required to begin deportation proceedings against him, or that he has the right to force the INS to start such proceedings. Furthermore, Asprilla has not provided anything to establish that the Attorney General has the authority to de-

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

port him prior to the expiration of his federal sentence. Hence, he is not entitled to § 2241 relief.

Finally, contrary to Asprilla's argument on appeal, the district court properly dismissed his § 2241 petition without first requiring a response from the government. District courts are authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court. *See* 28 U.S.C. § 2243.

Accordingly, we grant Asprilla pauper status for the limited purpose of this appeal and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.