NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0361n.06

No. 11-3810

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

Apr 04, 2012

LEONARD GREEN, Clerk

DARIUS QUINARD CARLISLE,            )
                                    )
        Petitioner-Appellant,       )
                                    )        ON APPEAL FROM THE UNITED
v.                                  )        STATES DISTRICT COURT FOR
                                    )        THE NORTHERN DISTRICT OF
J.T. SHARTLE, Warden                )        OHIO
                                    )
        Respondent-Appellee.        )

Before:  KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM.  Darius Quinard Carlisle, a federal prisoner proceeding pro se, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Carlisle has moved for leave to proceed in forma pauperis before this court.

In 2005, Carlisle pled guilty to conspiracy to interfere with commerce by threat of violence and using a firearm during a crime of violence in violation of 18 U.S.C. §§ 1951 and 924(c)(1)(A). Carlisle was sentenced to consecutive terms of ninety-six months and 120 months of imprisonment. Carlisle did not appeal his convictions.

In 2008, Carlisle filed a motion to vacate his convictions and sentence pursuant to 28 U.S.C. § 2255.  The district court denied his petition as untimely.  Various subsequent challenges to his convictions were also unsuccessful.

In December 2010, Carlisle filed the instant habeas corpus petition arguing that he is actually innocent of his crimes because the pizza delivery man he robbed at gunpoint was not involved in

interstate commerce. The district court denied the petition because Carlisle's claims attacked the imposition of his sentence and he had not demonstrated that the remedy under section 2255 was inadequate. Carlisle filed this timely appeal.

"We review a district court's legal conclusions in a habeas corpus decision de novo." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *Id.* However, the so-called "savings clause" of section 2255 provides that if section 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255, then "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Peterman*, 249 F.3d at 461. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate[.]" *Id.* (internal quotation marks omitted) (alterations in original). Invocation of the savings clause is restricted to cases where prisoners can show "an intervening change in the law that establishes their actual innocence." *Id.* at 462. The prisoner has the burden of proving that his remedy under section 2255 is inadequate or ineffective. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam).

The district court correctly dismissed Carlisle's section 2241 petition. Carlisle cannot attack the imposition of his sentence under section 2241 because he did not demonstrate that section 2255 was "inadequate or ineffective" to present this challenge. *See Peterman*, 249 F.3d at 461. Nor has Carlisle shown "an intervening change in the law that establishes [his] actual innocence." *Id.* at 462.

Carlisle's motion for leave to proceed in forma pauperis is granted and the district court's

judgment is affirmed.