NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1111n.06

No. 12-5173

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Oct 26, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARK ANDERSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| KAREN HOGSTEN, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Mark Anderson, a pro se federal prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

A jury found Anderson guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and of possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841.  He was sentenced to 360 months of imprisonment, followed by ten years of supervised release.  We affirmed Anderson's convictions on appeal.  *United States v. Simpson*, Nos. 97-2305/2307/2316, 98-1050, 1999 WL 777348, at *1 (6th Cir. Sept. 21, 1999).

Anderson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which ultimately proved to be unsuccessful.  Anderson filed two petitions for a writ of habeas corpus pursuant to section 2241.  Both petitions were denied.  He appealed the denial of one of those

_____

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

petitions, and we affirmed the dismissal. *Anderson v. Grondolsky*, No. 06-5509 (6th Cir. Mar. 13, 2007).

In 2008, Anderson filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court denied the motion, and we affirmed the denial. *United States v. Anderson*, No. 10-1127 (6th Cir. May 23, 2011).

Anderson has now filed this section 2241 habeas corpus petition, his third, challenging his sentence. Anderson argued that his "indictment fail[ed] to state the necessary amount of controlled substance, or type, however, he was subject to a statutory maximum of life imprisonment, although his proper statutory maximum was twenty years [of] imprisonment." The district court denied Anderson's petition. Anderson appeals the district court's judgment and requests leave to proceed in forma pauperis.

We review de novo a district court judgment denying a section 2241 habeas corpus petition. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012); *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). When a federal prisoner intends to challenge the execution of his sentence, he must file a section 2241 petition for habeas corpus relief. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles*, 180 F.3d at 755–56. But when a federal prisoner intends to challenge the imposition of his sentence, he must file a section 2255 motion to vacate his sentence. *Charles*, 180 F.3d at 755-56.

Anderson challenges the imposition of his sentence, not the manner in which his sentence is being served. Thus, section 2255, not section 2241, is the proper mechanism by which Anderson should proceed. *See Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755–56. The "savings clause" of section 2255 may entitle Anderson to a review of his claim under section 2241 if he is able to establish that section 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The burden is upon Anderson to prove "that his remedy under § 2255 is inadequate or ineffective." *See Charles*, 180 F.3d at 756.

Anderson has not shown that his remedy under section 2255 is inadequate or ineffective. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id*. at 756 (citations omitted). "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Id.* at 758.

The section 2255 remedy has been held inadequate or ineffective only where a petitioner has claimed "actual innocence" of his criminal conviction due to a change in the law. *Wooten*, 677 F.3d at 307; *Peterman*, 249 F.3d at 461–62. Anderson has neither asserted that he is actually innocent of his offenses, nor cited to an intervening change in the law that establishes his innocence.

The motion to proceed in forma pauperis is granted and the district court's judgment is affirmed.