**Jesus LEON, Petitioner–Appellant,**

v.

**John HEMINGWAY, Warden, Respondent–Appellee.**

No. 02–1871.

United States Court of Appeals, Sixth Circuit.

Dec. 19, 2002.

Before KENNEDY and GILMAN, Circuit Judges; and SARGUS, District

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

Judge.*

### ORDER

Jesus Leon, a pro se federal prisoner, appeals from a district court judgment dismissing Leon's petition for a writ of habeas corpus. 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j), Rules of the Sixth Circuit. Upon examination, this panel agrees unanimously that oral argument is not needed. Fed. R.App. P. 34(a).

In 1996, Leon pleaded guilty in the District Court for the Eastern District of Michigan to being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). As part of the plea agreement, the government said that it would seek an upward departure from the normal 51 to 71 month range to 120 months. In the presentence report, the probation officer said that he saw no basis for the upward departure. The district court nevertheless sentenced Leon to the 120 months stated in the plea agreement.

Leon did not appeal, and he did not file a motion to vacate sentence under 28 U.S.C. § 2255. In June of 2002, Leon filed his § 2241 petition claiming that his sentence was illegal and a violation of due process because the sentence was based on an erroneous interpretation of the applicable sentencing guideline. Leon also claimed that his sentence violated the Double Jeopardy Clause, basing his argument on the same guidelines provision.

The district court dismissed the petition. The court held that Leon's attack on his sentence was not cognizable under § 2241 but was only cognizable under § 2255. The court also held that Leon had not shown that § 2255 was inadequate or ineffective to provide relief. *See* 28 U.S.C. § 2255 ¶ 5.

The district court's reasoning is sound. A federal prisoner can attack the imposition of his sentence only under § 2255, not § 2241. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.), *cert. denied,* 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001); *Charles v. Chandler,* 180 F.3d 753, 758 (6th Cir.1999). While a § 2241 petition could be used when § 2255 relief is inadequate or ineffective, § 2255 relief is not inadequate or ineffective merely because the one-year statute of limitations has run. *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 758. The only currently-recognized situation where § 2255 relief is inadequate or ineffective is the situation based on the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *Peterman,* 249 F.3d at 461; *Charles,* 180 F.3d at 756–57. However, Leon's claims challenge his sentence; his claims do not raise an argument that his conduct failed to constitute an offense under the statute, as required by the *Bailey* exception.

Therefore, the district court properly dismissed the petition. The judgment of the district court is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.