**Kevin KERR, Petitioner–Appellant,**

v.

**Bill HEDRICK, Warden, Respondent–Appellee.**

**No. 03–1667.**

United States Court of Appeals, Sixth Circuit.

Feb. 10, 2004.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

*ORDER*

Kevin Kerr, a federal prisoner incarcerated in Missouri, appeals the district court order that denied his petition for a writ of habeas corpus. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kerr filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan in February 2003. He alleged that a 1989 state court conviction for possession of cocaine was invalid because his attorney improperly advised him to plead guilty. He did not indicate whether he sought relief under 28 U.S.C. § 2241 or § 2254. In a supplemental pleading, Kerr invoked 28 U.S.C. § 2241 and argued that his incarceration violated his constitutional right to free exercise of religion. Kerr identifies himself as the Grand Sheik of the Moorish Science Temple of America, Inc. Kerr served out his sentence for his 1989 state court conviction, but the conviction was used to enhance his current federal sentence. He is serving a life sentence for drug, conspiracy, money laundering, and firearms charges. *See United States v. Kerr*, 50 Fed.Appx. 230 (6th Cir.2002) (unpublished decision). The district court denied Kerr's habeas petition sua sponte. The court held that Kerr could not challenge his 1989 state court conviction under § 2254 because he was no longer in custody for that crime, and that he could not bring a § 2241 petition in the Eastern District of Michigan because he is located outside the court's territorial jurisdiction. *See* 28 U.S.C. § 2241(a).

On appeal, Kerr argues that: (1) the district court had territorial jurisdiction because Kerr is in custody pursuant to a judgment and commitment order of the district court; and (2) he is exempt from punishment for his federal crimes because his rights derive exclusively from the Moorish Science Temple of America.

We review de novo a district court's judgment dismissing a habeas corpus petition. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir.1999).

■ Upon review, we affirm the district court's order for the reasons stated by the district court. To the extent that Kerr sought to challenge his 1989 state court conviction, his petition was meritless because he is no longer in custody as a result of that conviction. *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Kerr cannot challenge that conviction directly, nor may he attack the prior conviction because it was used to enhance his current sentence. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Finally, neither of the exceptions to the rule described in *Lackawanna* applies. *See id* at 404–06. Kerr had counsel when he pleaded guilty, and the Michigan court system provides a forum for defendants to challenge their convictions.

■ The district court also properly held that, to the extent Kerr sought relief under § 2241, the court lacked territorial jurisdiction. A federal court may not grant a habeas writ if the prisoner's custodian is outside the court's jurisdiction. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 499–500, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Kerr is imprisoned in a federal facility in Missouri, and filed his petition in the Eastern District of Michigan. Because Kerr's custodian is clearly outside the district court's jurisdiction, the court properly denied Kerr's petition.

Kerr's argument that the district court had jurisdiction because he is in custody pursuant to a judgment and commitment order of the district court is without merit. As a general rule, a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008, 122 S.Ct. 493, 151 L.Ed.2d 404 (2001). Kerr appeared to be challenging his state court conviction, but

invoked § 2241. Nothing in his pleadings indicated that he was attacking the federal conviction for which he is incarcerated. Accordingly, the district court lacked jurisdiction over any § 2241 claim that Kerr may have had.

We have considered Kerr's other argument on appeal and find it to be without merit. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.