NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0360n.06

No. 11-1990

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

EDWARD BESS,                           )
                                       )
          Petitioner-Appellant,        )
                                       )
v.                                     )        ON APPEAL FROM THE UNITED
                                       )        STATES DISTRICT COURT FOR
J. S. WALTON,                          )        THE EASTERN DISTRICT OF
                                       )        MICHIGAN
          Respondent-Appellee.         )

FILED

Apr 04, 2012

LEONARD GREEN, Clerk

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Edward Bess, a pro se federal prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

In 2005, Bess pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Bess to 180 months of imprisonment. Bess's conviction was affirmed on appeal.

In 2007, Bess filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 arguing that his guilty plea was not voluntary and that his attorney was ineffective. The district court denied the motion. Bess did not appeal the district court's decision.

Bess filed his instant habeas corpus petition on August 9, 2011. Bess stated that he was stopped for speeding and, at the time of the stop, he did not have a valid driver's license or proof of insurance. He was then arrested and placed in the back of a police car. While he was in the police car, law enforcement officers discovered a firearm in the trunk of his vehicle. Bess argued that the search of his vehicle was similar to the search in *Arizona v. Gant*, 556 U.S. 332 (2009), which the

Supreme Court ruled was unconstitutional. Bess argued that *Gant* should be applied retroactively and that his conviction should be vacated on the basis of his actual innocence. The district court determined that Bess could not proceed under section 2241 because he had not established that his remedy under section 2255 was inadequate or ineffective. The district court dismissed the petition without prejudice.

On appeal, Bess argues that the district court misunderstood the facts of his case and that he should be allowed to proceed under section 2241 based on an intervening change in the law.

"We review a district court's legal conclusions in a habeas corpus decision de novo." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *Id.* However, the so-called "savings clause" of section 2255 provides that if section 2255 is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255, then "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Peterman*, 249 F.3d at 461. "'[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate[.]'" *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam)) (alterations in original). Invocation of the savings clause is restricted to cases where prisoners can show "an intervening change in the law that establishes their actual innocence." *Id.* at 462. The prisoner has the burden of proving that his remedy under section 2255 is inadequate or ineffective. *Charles*, 180 F.3d at 756.

Bess has failed to demonstrate that the Supreme Court's decision in *Gant* was an intervening change in the law that established his actual innocence. "[A] decision of [the Supreme] Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." *United States v. Johnson*, 457 U.S. 537, 562 (1982). Bess's conviction became final in 2008 when the Supreme Court denied his petition for a writ of certiorari in his direct criminal appeal. *Gant* was decided in 2009. Accordingly, *Gant* cannot be applied retroactively to Bess's case to establish that the search of his vehicle was unconstitutional and it cannot establish his actual innocence. Because Bess has not demonstrated that his remedy under section 2255 is inadequate or ineffective, he cannot proceed under section 2241. Finally, the remedy under section 2255 is not inadequate or ineffective because a petitioner has been denied permission to file a second or successive motion to vacate. *Charles*, 180 F.3d at 756-58.

The judgment of the district court is affirmed.